UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>THOMAS A. FERRERA,<br><br>　　　　　Respondent. | Case No. 1:25-cv-00342-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

　　　　Petitioner Anthony R. Turner ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner appears to challenge his incarceration in Solano County Jail pending state criminal charges filed against him in the Superior Court for the County of Solano arising from his alleged robbery of a victim on March 5, 2021. (*See id*. at 1, 12-14). Solano County is located in the Sacramento Division of the Eastern District of California. E.D. Cal. Local Rule 120(d).

　　　　When a habeas petition is filed by a person in custody under a state court judgment, and that state contains two or more federal judicial districts—such as California—the petition may be filed in either the judicial district in which the petitioner is presently confined, or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). When a habeas petition challenges the petitioner's conviction or sentence, *e.g.*, a habeas petition brought pursuant to 28 U.S.C. § 2254, the district where the petitioner was convicted and sentenced is a more convenient forum because trial

1

court records, witnesses, and other evidence related to the crime and his conviction are usually located in that district. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 4998 & n.15 (1973). Thus, California courts generally transfer habeas actions challenging state convictions or sentences to the district where the petitioner was convicted and sentenced. *See, e.g., Tate v. Unknown*, No. 24-cv-756 JLS (LR), 2024 WL 2880583, at *1 (S.D. Cal. May 7, 2024) (citing *Braden*); *Gakuba v. Cal. Attorney Gen.*, No. 22-cv-07698 NC (PR), 2022 WL 17813143 at *1 (N.D. Cal. Dec. 16, 2022); *Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993).

Here, it is unclear whether Petitioner is entitled to habeas relief at all given he does not appear to present any challenge to a conviction or sentence, and as such, any cognizable claim he may have may be asserted more appropriately pursuant to 42 U.S.C. § 1983. In any event, because Petitioner is challenging his incarceration within Solano County, the better forum for his claims is the division of the district court where he is incarcerated (the Sacramento Division), particularly because, according to the petition, the events surrounding his incarceration occurred within the Sacramento Division of the Court and the criminal action against him resulting in his incarceration is pending in a state court within the Sacramento Division. (Doc. 1).

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, this action will be transferred to the Sacramento Division of the Court.

**Conclusion and Order**

Accordingly, this action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento. All future filings shall reference the new Sacramento case number assigned and shall be filed at:

> United States District Court
> Eastern District of California
> 501 I Street, Room 4-200
> Sacramento, CA 95814

IT IS SO ORDERED.

Dated:   **March 25, 2025**                      _____
                                                  UNITED STATES MAGISTRATE JUDGE